UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| NICHOLAS CRISCUOLO, | NO: 10-CV-0470-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT |
| GRANT COUNTY, et al., | |
| Defendants. | |

BEFORE THE COURT is Defendants' Motion to Amend Judgment (ECF No. 200). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## INTRODUCTION

Defendants seek an order directing the parties to bear their own costs in the wake of Plaintiff's limited success at trial. In the alternative, Defendants ask the

ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT ~ 1

Court to reduce Plaintiff's claimed taxable costs[1] in the amount of $4,590.67 by four-fifths to account for the fact that Plaintiff only prevailed on one of his five claims. As a further alternative, Defendants ask the Court to declare them the "prevailing party" and award them their own costs.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) governs awards of costs. The rule provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be awarded to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party," but also vests a district court with discretion to deny costs in an appropriate case. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). The party opposing an award of costs bears the burden of demonstrating why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

---

[1] Defendants have not specified whether their motion pertains to *all* costs that could potentially be recovered, or whether it pertains only to costs taxable under 28 U.S.C. § 1920. As of the date of this order, Plaintiff has only sought to recover taxable costs (*see* ECF No. 208). The Court will presume that the motion applies only to those costs.

If a court exercises its discretion to deny costs, it must affirmatively state its reasons for doing so. *Id.* But the court "need not give reasons for *awarding* costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* (emphasis added). Factors relevant to the decision whether to deny costs include:

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on future civil rights litigants[;] . . . (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

*Quan v. Computer Sci. Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (internal quotation marks and citations omitted).

As a threshold matter, the Court must address Defendants' suggestion that Plaintiff is not a "prevailing party" within the meaning of Rule 54(d)(1). ECF No. 200 at 8-10. The Ninth Circuit has consistently held that "a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (quotation and citation omitted). A party need not prevail on all of its claims to be considered a prevailing party under Rule 54(d)(1). *Id.* "Although a plaintiff may not sustain his entire

claim, if judgment is rendered for him[,] he is the prevailing party." *K-2 Ski Co. v. Head Ski Co., Inc.*, 506 F.2d 471, 477 (9th Cir. 1974).

Plaintiff easily satisfies Rule 54(d)(1)'s prevailing party requirement. Although he prevailed on only one of his claims, judgment was entered in Plaintiff's favor against both Defendants jointly and severally. ECF No. 197. The fact that Plaintiff recovered only $3,842 is not especially relevant to the prevailing party analysis; what matters is that the jury found Defendants liable for "willfully destroy[ing] Slyder without lawful justification." ECF No. 190 at Instr. No. 15. Accordingly, Plaintiff, as the prevailing party, is presumptively entitled to an award of costs. *Escriba*, 743 F.3d at 1247.

Having reviewed the record, the Court finds that the reasons cited by Defendants for denying or reducing costs "are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley*, 335 F.3d at 945. Although no further explanation is necessary, *see id.*, the Court feels compelled to note that Plaintiff achieved a much higher degree of success than the amount of the judgment might suggest. The central issue at trial was whether Defendant Lamens was justified in shooting Slyder. The jury answered that question in the negative, finding that Defendant Lamens "willfully destroyed Slyder without lawful justification." ECF No. 190 at Instr. No. 15. While the jury did not find that Defendant Lamens acted "unreasonably" (Section 1983 claim),

"maliciously" (malicious injury to pet claim), or "recklessly" (reckless infliction of emotional distress claim), it found squarely for Plaintiff on the primary contested issue—whether the shooting of Slyder was lawful.  In view of this substantial success, the Court will deny Defendants' motion.

The Clerk is directed to process Plaintiff's bill of costs in accordance with Local Rule 54.1(d).

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Expedite (ECF No. 201) is **DENIED**.
2. Defendants' Motion to Amend Judgment (ECF No. 200) is **DENIED**.
3. The Clerk shall process Plaintiff's bill of costs in accordance with Local Rule 54.1(d).

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.  The file shall remain **CLOSED**.

**DATED** April 14, 2014.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT ~ 5